| **Cook v New York City Tr. Auth.** |
| :---: |
| 2024 NY Slip Op 31151(U) |
| April 5, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 450720/2021 |
| Judge: Denise M. Dominguez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DENISE M DOMINGUEZ**                                PART _____35_____

*Justice*

-------------------------------------------------------------------X

MICHAEL COOK,                                                        INDEX NO. ____450720/2021____

                                    Plaintiff                       MOTION SEQ. NO. ____005, 006____

                        - v -

NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY, MTA BUS COMPANY,                          **DECISION AND ORDER ON**
MANHATTAN AND BRONX SURFACE TRANSIT                                 **MOTION**
OPERATING AUTHORITY, EDWARD D. DOUCE, VICTOR
M. BORREL, EMMANUEL BORREL-VARGAS

                        Defendants

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 132, 133, 134, 135, 136, 137, 138, 149, 151, 152, 159, 164

were read on this motion to/for                    _____REARGUMENT/RECONSIDERATION_____.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 143, 144, 145, 146, 147, 150, 153, 154, 155, 156, 157, 158, 163

were read on this motion to/for                    _____REARGUMENT/RECONSIDERATION_____.

For the reasons that follow, Plaintiff, Micheal Cook's (COOK) motion (Motion Seq. 5) and

Defendants Victor M. Borrel (BORREL) and Emmanuel Borrel-Vargas' (VARGAS) motion

(Motion Seq. 6), seeking reargument of this Court's decision is granted.

## *Background*

This personal injury matter arises out a collision between a public bus operated by bus

driver, Defendant Edward D. Douce (DOUCE), and a motor vehicle owned by BORREL and

operated by VARGAS. COOK, a passenger on the public bus, alleges that on June 13, 2019, at or

near the intersection of West 125th Street and Amsterdam Avenue in Manhattan, he was injured

as result of the accident when the bus operator stopped short and pressed on the brakes without

450720/2021 COOK, MICHAEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL
Motion No. 005 and 006

Page 1 of 4

warning. COOK then commenced a negligence action against Defendants, New York City Transit Authority, Metropolitan Transportation Authority, MTA Bus Company, Manhattan and Bronx Surface Transit Operating Authority, and bus operator Edward D. Douce (TRANSIT), BORREL and VARGAS.

Post note of issue, TRANSIT moved for summary judgment. By Order of this Court, dated November 9, 2023, TRANSIT's summary judgment motion (Motion Seq. 4) was granted. That Order also granted COOK's motion for summary judgment as to liability solely against Defendants BORREL and VARGAS, as COOK was deemed an innocent passenger free of any contributory negligence.

COOK now moves for reargument pursuant to CPLR 2221 asserting that questions of fact were overlooked regarding TRANSIT's liability and relies upon a previously submitted TRANSIT investigative memorandum. Defendants BORREL And VARGAS also move pursuant to CPLR 2221 for reargument and rely in principle upon COOK's arguments. TRANSIT opposes.

*Discussion*

In considering a timely motion for leave to reargue pursuant to CPLR 2221, this Court may grant such application upon a showing that it overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision (*see* CPLR 2221[d][2]; *William P. Pahl Equip. Corp. v. Kassis*, 182 AD2d 22 [1st Dept 1992]).

Here, the movants timely move for reargument. Specifically, the movants highlight that TRANSIT's memorandum concludes that multiple factors contributed to the collision including Defendant's VARGAS actions but also that their own bus driver should have applied better defensive driving skills. In opposition, TRANSIT argues that this internal memo cannot be considered for purposes of TRANSIT's liability since it is based on internal rules, regulations,

450720/2021 COOK, MICHAEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL
Motion No. 005 and 006

Page 2 of 4

2 of 4

[* 2]

guideline, protocols, policy practices or procedures that hold TRANSIT employees to a higher standard of care than common law.

Upon reconsideration, this Court concludes again that TRANSIT's evidence, primarily the authenticated video, establishes that VARGAS's driving caused the accident by crossing in front of the bus when the light was green. Further, based on the police report VARGAS admits guilt. Consequently, VARGAS' actions created the situation that caused bus driver DOUCE to suddenly apply the brakes and cause COOK's injuries, making the emergency doctrine applicable and DOUCE's actions reasonable to prevent a full-on collision with BORREL's vehicle.

However, upon further reconsideration, this Court now concludes that the memorandum raises a question of fact better suited for a trier of fact to decide- whether TRANSIT contributed at all to the accident (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Here the memo was prepared approximately eight (8) days after the accident and was based on TRANSIT's own investigation conducted on the same day of the accident. Unlike other general policies and protocols by TRANSIT that hold their employees to a higher standard than common law negligence, this investigative memo was prepared specifically because of this accident. Further, the preparer of the memo, a TRANSIT employee, also considered the bus video and the statements given by the drivers. The memo concluded that multiple factors led to the accident, including that DOUCE "failed to employ all the necessary defensive driving skills to avoid the collision"

Accordingly, while it is evident that VARGAS caused the accident, the preparer of the memo was not deposed, and the direct and cross-examination of this witnesses is necessary to eliminate all questions of fact as to any liability by TRANSIT.

It is therefore,

450720/2021 COOK, MICHAEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL
Motion No. 005 and 006

Page 3 of 4

[* 3]

ORDERED that Plaintiff COOK's motion to reargue (Motion Seq. 3) and Defendants VICTOR M. BORREL and EMMANUEL BORREL-VARGAS' motion to reargue (Motion Seq. 4), pursuant to CPLR 2221 are granted; and it is further

ORDERED that Plaintiff COOK's summary judgment motion as to liability as an innocent passenger is granted as to all Defendants; and it is further

ORDERED that TRANSIT's summary judgment motion that was previously granted is now denied; and it is further

ORDERED that within 20 days from the entry of this Order, Plaintiff COOK and Defendants BORREL and VARGAS shall serve a copy of this Order with notice of entry upon all parties and the Clerk of the Court in accordance with electronic filing.

| | |
|---|---|
| **4/5/2024** | |
| DATE | DENISE M DOMINGUEZ, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

450720/2021 COOK, MICHAEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL
Motion No. 005 and 006

Page 4 of 4

4 of 4